## Case No. 10,836.

### PATTON v. JANNEY.

### SAME v. TAYLOR et al.

### [2 Cranch, C. C. 71.] [1]

Circuit Court, District of Columbia. April Term, 1813.

PRINCIPAL AND AGENT — EFFECT OF KNOWLEDGE OF ONE AGENT UPON ACTS OF ANOTHER AGENT OF SAME PRINCIPAL.—INSURANCE AFTER LOSS OF PROPERTY—WITNESS.

1. Witnesses may be removed while others are examined.

2. One joint defendant, in an action of assumpsit, cannot confess judgment so as to enable him to testify in behalf of the other defendants.

3. Information, received by an agent of the insured, of the loss of the property, before insurance effected, will not vacate the policy, unless the agent is the agent who obtains the insurance, or gives the information to the person who obtains it.

4. If several actions against several underwriters upon the same policy are submitted to the same jury at the same time, and the jury find verdicts against some of them, but wish to reconsider as to the others, those underwriters against whom the verdicts are found cannot be examined as witnesses for the others.

These were actions of assumpsit against several underwriters upon the same policy of insurance on the schooner Dorchester, from Antigua to Alexandria.

The counsel for the defendants requested that Captain Roberts (who it was supposed was a witness for the plaintiffs, and would give different testimony from that contained in a deposition of Mr. Dykes, as upon a former trial he had differed in some particulars,) might be removed out of hearing at the time of reading that deposition, which was allowed by the court, it not being opposed by the counsel for the plaintiff. (THRUSTON, Circuit Judge, absent, and CRANCH, Chief Judge, doubting, as to the correctness of the practice.)

E. J. Lee and Mr. Taylor, for defendants, offered to examine John Young as a witness. He was a joint defendant with Mr. Marsteller in a suit on some policy then depending, and the judgment in which was, by agreement, to depend on the verdict in this case. Mr. Young offered to confess judgment in that suit, waiving the joint plea of non assumpsit as far as it was pleaded on his part.

But THE COURT (THRUSTON, Circuit Judge, absent) was of opinion that as the suit against Marsteller and Young was joint, and

they had pleaded jointly, judgment could not be entered separately against one; and refused to order the judgment to be entered; but permitted an entry to be made on the record that Mr. Young came and offered to confess judgment; but they rejected Young as a witness for the defendant; for as judgment cannot be rendered against Young until it is rendered against Marsteller; and as the judgment against Marsteller is, by agreement, to depend on the event of the present suit, and as the verdict in the present case may be affected by the testimony of Young, if he should be permitted to testify, he is directly interested.

E. J. Lee, for defendants, then contended that if Dykes was the general agent of the plaintiff, and had information of the loss soon enough to have communicated it to the plaintiff, so as to prevent the insurance, and failed to do so, the plaintiff was bound by the knowledge and negligence of his said agent, and the policy is void.

Mr. Swann, contra. The knowledge of the agent which can affect the policy, must be the knowledge of an agent concerned in obtaining the insurance or in giving the information upon which it is obtained; but the mere neglect of the agent at Norfolk to give the information by the next mail, did not vitiate the policy.

And of that opinion was THE COURT (THRUSTON, Circuit Judge, absent).

The jury found verdicts against the defendants in two of the cases, but wished to reconsider as to the other cases. Mr. Lee, for the defendants, proposed to examine the defendants, against whom the verdicts were found, as witnesses for the other defendants; but the court said it was not consistent with the practice of the court: all the causes having been submitted to the jury at the same time.

Bills of exception were taken by the defendants' counsel, but no writ of error was prosecuted.